

# Office of the Attorney General
## State of Texas

February 7, 1992

**DAN MORALES**
ATTORNEY GENERAL

Honorable A. J. (Jack) Hartel
Liberty County Attorney
P. O. Box 9127
Liberty, Texas 77575-9127

Opinion No. DM-90

Re: Authority of a navigation district to enter into a tax abatement agreement (RQ-251)

Dear Mr. Hartel:

You ask two questions regarding the authority of the Chambers-Liberty Counties Navigation District (the navigation district) to enter into a tax abatement agreement. You first ask whether the navigation district has the authority to enter into a tax abatement agreement[1] pertaining to land that is the subject of a county tax abatement agreement executed on November 27, 1990.[2] Second, you ask whether the navigation district has the authority to enter into a tax abatement agreement with a landowner if a board member of the navigation district owns an interest in the property receiving the tax abatement. We have determined that the navigation district is not authorized to enter into a tax abatement agreement in the situation

---

[1] A landowner who has entered into an agreement under the Property Redevelopment and Tax Abatement Act is entitled to an exemption from taxation of all or part of the property as provided in the agreement. Tax Code § 11.28, ch. 312.

[2] In asking both of your questions you have asked us to assume that "the resolution electing to become eligible to grant tax abatement and the appropriate guidelines and criteria for granting tax abatement have been formally and properly adopted by the Navigation District, that the required application has been filed with the Navigation District by Moss Bluff Gas Storage Co., Inc. [the landowner in this case], that the Navigation District has approved the application for tax abatement and that Liberty County, acting through its Commissioners Court, granted tax abatement to Moss Bluff Gas Storage Co., Inc. on the same property in an agreement dated 27 November, 1990." For purposes of your question, we will assume compliance with the procedures set forth in five sections in the Tax Code, section 11.43 regarding an application for a tax exemption, section 312.002 regarding the eligibility of a taxing unit to participate in a tax abatement agreement, section 312.205 regarding the specific terms required for a tax abatement agreement, section 312.207 regarding approval by the governing body of a taxing unit, and section 312.401 regarding the designation of a reinvestment zone by the commissioners court of a county.

you posed in your first question. This determination obviates the need to answer your second question.

Chapter 312 of the Tax Code, the "Property Redevelopment and Tax Abatement Act," (the act) authorizes a county or municipality to grant tax exemptions to owners of land that has been designated as a reinvestment zone pursuant to section 312.201 of the Tax Code or as an enterprise zone under the Texas Enterprise Zone Act, article 5190.7, V.T.C.S. *See also* Tax Code § 312.2011. That chapter authorizes the governing body of a municipality and the commissioners court of a county to execute a tax abatement agreement with the owner of certain taxable real property located in a reinvestment zone. *Id.* §§ 312.204, 312.402. Chapter 312 does not affirmatively authorize other taxing units to enter into such agreements; we believe a court would find the authority of other taxing units to participate in such agreements can be inferred from provisions in chapter 312, which state that other taxing units may not participate in tax abatement agreements unless certain conditions are met. *See id.* §§ 312.002, 312.006, 312.207(a). Section 312.402 of the Tax Code provides in part:

> (a) The commissioners court may execute a tax abatement agreement with the owner of taxable real property located in a reinvestment zone designated under this subchapter. The execution, duration, and other terms of an agreement made under this section are governed by the provisions of Sections 312.204 and 312.205 applicable to a municipality. . . .

> (b) A tax abatement agreement made by a county has the same effect on the school districts and other taxing units in which the property subject to the agreement is located as is provided by Sections 312.206(a) and (b) for an agreement made by a municipality to abate taxes on property located in the taxing jurisdiction of the municipality.

Section 312.206(a) describes the effect a municipal tax abatement agreement has on agreements made by other taxing units. Pursuant to section 312.402(b), that provision applies to county tax abatement agreements as well, and reads in part:

> (a) If property taxes on property located in the taxing jurisdiction of a municipality are abated under an agreement

made under Section 312.204, the governing body of each other taxing unit eligible to enter into tax abatement agreements under Section 312.002 in which the property is located may execute a written agreement with the owner of the property not later than the 90th day after the date the municipal agreement is executed. The agreement must contain terms identical to those contained in the agreement with the municipality providing for the portion of the property that is to be exempt from taxation under the agreement, the duration of the agreement, and the provisions included in the agreement under Section 312.205, even if the value of the property at the time the agreement is executed is not the same as its value when the municipal agreement was executed and even if improvements or repairs have been made to the property since the municipal agreement was executed. If the governing body of the taxing unit by official action at any time before the execution of the municipal agreement expresses an intent to enter into an agreement with the owner of property under this subsection or to be bound by the terms of the municipal agreement if the municipality enters into an agreement under Section 312.204 with the owner relating to the property, the terms of the municipal agreement regarding the share of the property to be exempt in each year of the municipal agreement apply to the taxation of the property by the taxing unit.

Section 312.206 indicates that taxing units other than counties and municipalities can not *sua sponte* enter into a tax abatement agreement with someone who owns land in a reinvestment or free enterprise zone; the tax abatement authority of these other taxing units depends on the existence of either a municipal or county tax abatement agreement. Indeed, the terms of a tax abatement agreement executed by other taxing units must be supplied by the preexisting county or municipal agreement. We find no other means in the act for a taxing unit that is not a county or municipality to provide a tax exemption to a landowner in a reinvestment or free enterprise zone except to do so after the execution of a tax abatement agreement by a county or municipality as provided in sections 312.402 and 312.204 of the Tax Code.

When property that is the subject of a county or municipal abatement agreement is located within another taxing unit, the governing body of that taxing unit is authorized to enter into an abatement agreement pertaining to the same land only for a period of 90 days after the date of the execution of that agreement. Thus, in this case, the authority of the Chambers-Liberty Counties Navigation District[3] to enter into an agreement pertaining to land that is the subject of a county tax abatement agreement executed on November 27, 1990, expired 90 days after that date.[4]

## SUMMARY

The authority of the Chambers-Liberty Counties Navigation District to enter into a tax abatement agreement pertaining to land that is the subject of a county tax abatement agreement expired 90 days after the date of the execution of the county agreement.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

---

[3]The Chambers-Liberty Counties Navigation District is a self-liquidating navigation district operating under chapter 63 of the Water Code. *See* Attorney General Opinion MW-3 (1979). The definition of "taxing unit" includes a district created by or pursuant to the Water Code. Tax Code § 1.04(12).

[4]We have not been informed of the existence of a municipal tax abatement agreement pertaining to the land involved here; we limit our answer to the facts presented. Further, we note that although a designated officer or employee of a county that intends to enter into a tax abatement agreement is required to give written notice of that fact to the presiding officer of the governing body of each other taxing unit in which the property that is to be the subject of the agreement is located, failure to deliver such notice does not affect the validity of the agreement. Tax Code § 312.2041(a), (c).

MARY KELLER
Deputy Assistant Attorney General

JUDGE ZOLLIE STEAKLEY (Ret)
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Kay Guajardo
Assistant Attorney General